NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL T. HAYES, | No. 19-35618 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00275-BLW |
| v. | |
| IDAHO CORRECTIONAL CENTER; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| ALBERTO RAMIREZ; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted July 14, 2020[**]

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Idaho state prisoner Michael T. Hayes appeals pro se from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging an access-to-courts claim related to his third state court post-conviction petition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Hayes's action because Hayes failed to allege facts sufficient to show that he suffered an actual injury to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (access-to-courts claim requires a prisoner to show that the defendants' conduct caused an actual injury to a nonfrivolous legal claim); *see also Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002) (to plead an actual injury, the complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a),[] just as if it were being independently pursued" and allege facts showing that the claim was frustrated or impeded).

The district court did not abuse its discretion by denying Hayes's motion for leave to file a third amended complaint because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad

where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).

We reject as meritless Hayes's contentions that the district court erred by denying his motion for summary judgment as moot and not allowing him to conduct discovery.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**